(C. D. 556)

ERIC WEDEMEYER *v.* UNITED STATES

United States Customs Court, Second Division

(Decided November 21, 1941)

*Puckhafer, Rode & Rode (John D. Rode* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation consisting of complete bicycle lamps "with dynamos or electric generators." Duty was levied thereon at the rate of 35 per centum ad valorem under paragraph 353 of the Tariff Act of 1930 as articles having as an essential feature an electrical element or device. It is claimed that said articles are properly dutiable at the rate of 30 per centum ad valorem under paragraph 371 of said act as parts of bicycles.

A sample of the imported merchandise was admitted in evidence as

collective exhibit 1. In addition thereto, the plaintiff offered in evidence the testimony of a single witness, Henry Wedemeyer, vice president of the plaintiff corporation, who testified that the instant lamps and the accompanying electric generators are always sold together as units and are used as illuminating lights for bicycles operated at night; that the electric generator is attached by a special clamp to the front wheel of the bicycle; that the motion of the bicycle makes the generator go; that he had never seen articles like collective exhibit 1 used on anything but a bicycle; that they are sold under the name of bicycle lamps; and that in his experience illumination of bicycles at night is necessary for the safe operation thereof.

On cross-examination the witness testified in part as follows:

X Q. Mr. Wedemeyer, there is a knob or something on Exhibit 1–A; it looks like a polished knob. Will you tell us what that is?—A. That disconnects during the daytime the generator from the wheel of the bicycle.

*   *   *   *   *   *   *

X Q. But the clamp, itself, can be attached to any tubular shaped object, can't it?—A. This is oval shaped as they put it in position.

X Q. It could be attached to any oval shaped object, could it not?—A. That's right.

*   *   *   *   *   *   *

Judge DALLINGER. Have you sold a good many of these?
The WITNESS. Yes, sir.

*   *   *   *   *   *   *

Judge DALLINGER. To whom have you sold them at wholesale?
The WITNESS. Mostly to bicycle supply wholesalers or dealers.
Judge DALLINGER. Have you sold them to anybody else, except bicycle dealers?
The WITNESS. No, sir; except we have sold once in a while to department stores maintaining bicycle departments.

It appears from this record that the articles constituting the imported merchandise at bar are exclusively used on bicycles to illuminate the same in the night time in order to insure the safety of the bicyclist and the public in general.

While it is true that in the case of *Mead Cycle Co. et al.* v. *United States*, T. D. 35223, G. A. 7700, 28 Treas. Dec. 389, this court held that cycle lamps were accessories and not parts of bicycles, nevertheless, we are now of the opinion that the lamps at bar are parts of bicycles:

In *United States* v. *Bosch Magneto Co.*, 13 Ct. Cust. Appls. 569, T. D. 41434, the appellate court endeavored to distinguish the *Mead Cycle Co.* case, *supra*, in holding that lamps and horns were parts of automobiles. It is evident, however, in reading the court's decision in the *Bosch Magneto Co.* case, that the reasoning there expressed applies equally to bicycles, especially since most of the states of the Union require bicycles to be equipped with lamps. After quoting certain dictionary definitions of the words "part" and "accessory," the appellate court in its decision said:

It would serve no good purpose for this court to attempt to define "parts" and "accessories," when used in a tariff sense, with any more definiteness than is embodied in the above definitions and we will not attempt to do so.

We agree with the board [the Board of General Appraisers], however, that the lamps and horns in controversy are parts of automobiles, and we find no fault with that part of the board's opinion indicating that it was influenced in its decision in determining that they were parts of automobiles by the fact that the law required the use of horns and lamps on automobiles.

We think lamps and horns are essential and necessary parts of automobiles and that automobiles can not be efficiently, safely, or properly operated without them. Even if we were to adopt the test made in certain cited cases where, if the use is optional, it is not "a part," we would not regard our views in this case as in conflict with decided cases, since it is a matter of common knowledge that the use of lamps and horns is not optional if the operator of the machine operates it in a safe, efficient, and proper manner. The machine could be operated without mud guards, without tires, and without a wind shield, and yet it is obvious that they are necessary and generally required if the machine is to be operated in its usual manner. To operate an automobile without lights would certainly limit it to day operations, and the use of a horn or some other sounding device is usually so essential to the safety of the operator of the car and to the public in general as to make its use almost indispensable.

It may well be that at the time this court decided the *Mead Cycle Co.* case, *supra*, many of the different states in the Union had not enacted statutes requiring bicycles to be equipped with bicycle lamps, which is now the case, as exhaustively set forth in the brief filed by counsel for the plaintiff herein. The New York statute, under the jurisdiction of which state the instant merchandise was imported, is typical of statutes enacted by practically all the states in the Union. Article 5–A, section 79, provides as follows:

\* \* \* Every bicycle which is operated or driven on any public highway in this state during the period from one-half hour after sunset to one-half hour before sunrise shall display a lighted lamp on the front which shall be visible from a point five hundred feet ahead of such bicycle and which shall project either white or yellow light.

The existence of these statutes would clearly indicate that the safe, proper, and efficient operation of bicycles at night requires the illumination furnished by bicycle lamps such as those involved herein.

If, therefore, a lamp is a part of an automobile, as has been held in the *Bosch Magneto* case, *supra*, then with equal propriety must it be held that a lamp is a necessary part of a bicycle, and we so hold. That claim of the plaintiff is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.