549

Opinion by TILSON, J. A rehearing was granted the defendant for the purpose of moving in evidence the record in *United States* v. *Macksoud* (27 C. C. P. A. 218, C. A. D. 87). After a careful consideration of the record in this case and the record in the *Macksoud* case, *supra*, the court was of the opinion that the weight of all the evidence supports the conclusion heretofore reached. For the reasons stated and following the authorities cited in C. D. 558 certain of the napkins in question were held dutiable at 30 percent under paragraph 1014 and T. D. 49753 as claimed.

**No. 47296.**—Protests 879302–G, etc., of Allied Stores Corp. et al. (New York).

Opinion by TILSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 47297.**—Protests 995823–G, etc., of Eric Wedemeyer et al. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel that the merchandise in question is of the same character as that passed upon in *Wedemeyer* v. *United States* (7 Cust. Ct. 141, C. D. 556) the claim at 30 percent under paragraph 371 was sustained.

**No. 47298.**—Protests 4548–K, etc., of International Novelty Import Co. et al. (New York).

Opinion by DALLINGER, J. It was stipulated that the electric Christmas wreaths in question are similar to those the subject of *United States* v. *Minami* (29 C. C. P. A. 169, C. A. D. 188). In accordance therewith the claim at 35 percent under paragraph 353 was sustained.

**No. 47299.**—Protest 986892–G of Strauss-Eckardt Co., Inc. (New York).

Opinion by DALLINGER, J. It was stipulated that the electric Christmas wreaths in question are similar to those the subject of *United States* v. *Minami* (29 C. C. P. A. 169, C. A. D. 188). In accordance therewith the claim at 35 percent under paragraph 353 was sustained.

**No. 47300.**—Protest 964406–G of New York Merchandise Co., Inc. (New York).

Opinion by DALLINGER, J. The dime savings banks stipulated to be similar to those the subject of Abstract 42749 were held dutiable as hollow ware at 40 percent under paragraph 339. It was also stipulated that the tape measures in question are similar to those the subject of Abstract 43372. In accordance therewith the tape measures were held dutiable as household utensils at 40 percent under paragraph 339 as claimed.