(C. D. 692)

Spiegel Bros. Corp. v. United States

United States Customs Court, Second Division

(Decided October 19, 1942)

*Puckhafer, Rode & Rode* (*John D. Rode* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of bicycle horns. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at the rate of 30 per centum ad valorem under paragraph 371 of said act as parts of bicycles.

The only witness called herein was the vice president and general manager of the plaintiff-corporation. He produced a sample of the imported horns, described on the last page of the invoice as "Iron 027 Double Tube, Double Reed Nickel Plated Cycle Horns," which sample is in evidence as plaintiff's exhibit 1. He testified that he had personally sold similar articles for about 10 or 12 years in all areas east of the Mississippi to jobbers in bicycle supplies and bicycle retail stores, and to buyers of such goods from other parts of the United States.

The imported horn is depicted on page 118 of a catalog issued by the plaintiff-corporation and which is in evidence herein as plaintiff's exhibit 2. It is there described, under the heading "Bicycle Horns," as a "large two tone horn (both tubes blowing) heavy gauge metal fully nickel plated and polished." He said the articles were always sold as bicycle horns, and that he had seen them so used in different areas of the United States, and never otherwise. A standard size bicycle handle bar, with the imported horn clamped thereon, was marked plaintiff's illustrative exhibit A. By loosening and tightening the bolt on the bracket or clamp, the witness demonstrated in open court how the horn was bolted to the handle bar. He said the sound produced by the horn was designed to serve as a warning signal of the approach of the bicycle and to prevent injury to the rider or other persons.

On cross-examination the witness stated that he has sold bicycles without horns, and that he had seen them operated without horns. But on redirect examination he explained that the reason for such a

sale was that some persons preferred a bell or some other warning device, a siren, etc.; but that he had never seen a bicycle operated without some sound-producing device.

As we read the record it establishes these facts:

1. The instant horns are sold only to bicycle jobbers and bicycle retail stores.

2. They are sold as bicycle horns and by no other name.

3. They are used exclusively on bicycles as warning signal devices.

4. They are designed specially for attachment to the handle bars of bicycles.

5. They are necessary to insure the safe, proper, and efficient operation of a bicycle, and are used for no other purpose.

As to the law in the premises, we believe that our recent decision in *Eric Wedemeyer* v. *United States* (7 Cust. Ct. 141, C. D. 556), rendered November 21, 1941, on bicycle lamps, is equally applicable here. We quote therefrom as follows:

While it is true that in the case of *Mead Cycle Co. et al.* v. *United States*, T. D. 35223, G. A. 7700, 28 Treas. Dec. 389, this court held that cycle lamps were assessories and not parts of bicycles, nevertheless, we are now of the opinion that the lamps at bar are parts of bicycles.

In *United States* v. *Bosch Magneto Co.*, 13 Ct. Cust. Appls. 569, T. D. 41434, the appellate court endeavored to distinguish the *Mead Cycle Co.* case, *supra*, in holding that lamps and horns were parts of automobiles. It is evident, however, in reading the court's decision in the *Bosch Magneto Co.* case, that the reasoning there expressed applies equally to bicycles, especially since most of the states of the Union require bicycles to be equipped with lamps. After quoting certain dictionary definitions of the words "part" and "accessory," the appellate court in its decision said:

It would serve no good purpose for this court to attempt to define "parts" and "accessories," when used in a tariff sense, with any more definiteness than is embodied in the above definitions and we will not attempt to do so.

We agree with the board [the Board of General Appraisers], however, that the lamps and horns in controversy are parts of automobiles, and we find no fault with that part of the board's opinion indicating that it was influenced in its decision in determining that they were parts of automobiles by the fact that the law required the use of horns and lamps on automobiles.

We think lamps and horns are essential and necessary parts of automobiles and that automobiles cannot be efficiently, safely, or properly operated without them. Even if we were to adopt the test made in certain cited cases where, if the use is optional, it is not "a part," we would not regard our views in this case as in conflict with decided cases, since it is a matter of common knowledge that the use of lamps and horns is not optional if the operator of the machine operates it in a safe, efficient, and proper manner. The machine could be operated without mud guards, without tires, and without a wind shield, and yet it is obvious that they are necessary and generally required if the machine is to be operated in its usual manner. To operate an automobile without lights would certainly limit it to day operations, and the use of a horn or some other sounding device is usually so essential to the safety of the operator of the car and to the public in general as to make its use almost indispensable.

It may well be that at the time this court decided the *Mead Cycle Co.* case, *supra*, that many of the different states in the Union had not enacted statutes requiring bicycles to be equipped with bicycle lamps which is now the case, as exhaustively set forth in the brief filed by counsel for the plaintiff herein. The New York statute, under the jurisdiction of which state the instant merchandise

was imported, is typical of statutes enacted by practically all the states in the Union. Article 5–A, section 79, provides as follows:

* * *. Every bicycle which is operated or driven on any public highway in this state during the period from one-half hour after sunset to one-half hour before sunrise shall display a lighted lamp on the front which shall be visible from a point five hundred feet ahead of such bicycle and which shall project either white or yellow light.

The existence of these statutes would clearly indicate that the safe, proper, and efficient operation of bicycles at night requires the illumination furnished by bicycle lamps such as those involved herein.

If, therefore, a lamp is a part of an automobile, as has been held in the *Bosch Magneto* case, *supra*, then with equal propriety must it be held that a lamp is a necessary part of a bicycle, and we so hold.

All of the essential facts upon which we based our conclusion that the bicycle lamps in the cited case of *Eric Wedemeyer* v. *United States*, *supra*, were parts of bicycles within the meaning of said paragraph 371 are here established, and the conclusion there reached must apply with equal force with respect to the present bicycle horns. Indeed, the same New York statute herein cited requires that:

Every bicycle operated or driven upon any public highway in this state, shall be provided with * * * a suitable and adequate horn, bell or other device, which shall produce a sound sufficiently loud to serve as a danger warning but which shall not be used other than as such warning nor be unnecessarily loud or harsh * * *.

We are satisfied that the present horns respond to the prescribed requirements.

On all the facts and the law applicable thereto we hold that the bicycle horns constituting the imported merchandise involved herein are properly dutiable at the rate of 30 per centum ad valorem under said paragraph 371 as parts of bicycles, as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.