BEFORE THE FIRST DIVISION, MAY 28, 1943

**No. 48333.**—Protests 75495–K, etc., of Saji Trading Co., Ltd. (Los Angeles).

Opinion by WALKER, J. It was stipulated that the merchandise consists of paper and shell water flowers similar in all material respects to those the subject of Abstracts 39751 and 45286. In accordance therewith they were held dutiable at 35 percent under paragraph 1538 as claimed.

**No. 48334.**—Protest 918277–G of E. B. Baehr & Sons (New York).

Opinion by WALKER, J. It was stipulated that the merchandise consists of electric wreaths, each with metal cord and socket attached, and is the same in all material respects as those the subject of *United States* v. *Minami* (29 C. C. P. A. 169, C. A. D. 188). In accordance therewith they were held dutiable at 35 percent under the provision in paragraph 353 for articles having as an essential feature an electrical element or device, such as signs.

**No. 48335.**—Protests 826921–G, etc., of Aarenau & Wolf et al. (New York).

Opinion by WALKER, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, MAY 28, 1943

**No. 48336.**—Protests 838873–G, etc., of Spiegel Bros. (New York).

Opinion by LAWRENCE, J. It was stipulated and agreed that the merchandise in question consists of bicycle horns used exclusively on bicycles as warning signals and that they are the same in all material respects as those the subject of *Spiegel* v. *United States* (9 Cust. Ct. 194, C. D. 692). In accordance therewith the claim at 30 percent under paragraph 371 was sustained.

BEFORE THE FIRST DIVISION, MAY 29, 1943

**No. 48337.**—Protest 48612–K of Norman G. Jensen (Pembina).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of *Seaboard Lumber Sales Co., Ltd.* v. *United States* (5 Cust. Ct. 161, C. D. 391) the protest claiming that no addition should have been made for planing, tonguing, and/or grooving was sustained.