· 175

Opinion by Lawrence, J. From the uncontradicted evidence the court found that the merchandise consists of Christmas tree lamps similar in all material respects to those the subject of *New York Merchandise Co., Inc.* v. *United States* (16 Cust. Ct. 148, C. D. 1003), wherein like lamps were held to be parts of Christmas tree lighting sets. On the established facts it was held that the merchandise which was entered for consumption or withdrawn from warehouse for consumption prior to January 1, 1939, is dutiable at 35 percent under paragraph 353, and that the merchandise entered for consumption or withdrawn from warehouse for consumption subsequent to that date is dutiable at 25 percent by virtue of T. D. 49753. The protests were sustained to this extent.

**No. 51280.**—Protest 66239–K of New York Merchandise Co., Inc. (New York).

Opinion by Lawrence, J. From the uncontradicted evidence the court found that the merchandise consists of Christmas tree lamps similar in all material respects to those the subject of *New York Merchandise Co., Inc.* v. *United States* (16 Cust. Ct. 148, C. D. 1003), wherein like lamps were held to be parts of Christmas tree lighting sets. On the established facts it was held that the merchandise which was entered for consumption or withdrawn from warehouse for consumption prior to January 1, 1939, is dutiable at 35 percent under paragraph 353, and that the merchandise entered for consumption or withdrawn from warehouse for consumption subsequent to that date is dutiable at 25 percent by virtue of T. D. 49753. The protest was sustained to this extent.

**No. 51281.**—Protests 977742–G, etc., of New York Merchandise Co., Inc. (New York).

Opinion by Lawrence, J. From the uncontradicted evidence it was held that the Christmas tree lamps similar in all material respects to those the subject of *New York Merchandise Co., Inc.* v. *United States* (16 Cust. Ct. 148, C. D. 1003) and the brass-base shells the same as those involved in *New York Merchandise Co., Inc.* v. *United States* (8 Cust. Ct. 209, C. D. 607) are dutiable at 35 percent under paragraph 353 as parts of articles having as an essential feature an electrical element or device, such as signs. Bicycle horns similar to those the subject of *Spiegel Bros. Corp.* v. *United States* (9 Cust. Ct. 194, C. D. 692) were held dutiable at 30 percent under paragraph 371 as parts of bicycles. The protests were sustained to this extent. ·

**No. 51282.**—Protest 947310–G of New York Merchandise Co., Inc. (New York).