Before the Second Division, May 12, 1949

No. 53146.—New York Merchandise Co., Inc. v. United States, protests 972661-G, etc. (New York).

Lawrence, Judge: Six protests, listed in the schedule attached hereto and made a part hereof, filed by plaintiff pursuant to the provisions of section 514 of the Tariff Act of 1930, have been consolidated for trial and decision. They relate to importations of metal horns with rubber bulbs attached.

The collector of customs classified the horns as "Articles or wares not specially provided for * * * composed wholly or in chief value of * * * metal, but not plated with platinum, gold, or silver, or colored with gold lacquer" and assessed duty thereon at the rate of 45 per centum ad valorem as provided in paragraph 397 of said act.

Plaintiff contends that the importations should have been classified as parts of bicycles and subjected to duty at the rate of 30 per centum ad valorem as provided in paragraph 371 of said act.

At the trial, it was established that seven items of merchandise appearing on the invoices are in controversy; namely, numbers 45437, 51582, 38052, 38113, 58832, 38554, and 450.

It appears from the record that items 38554 and 450, *supra*, are substantially like the horns represented by exhibit 1 in protest 62741-K which formed the subject of our decision in *Spiegel Bros. Corp.* v. *United States*, 9 Cust. Ct. 194,

C. D. 692, and the record in that case was incorporated herein insofar as it applies to these two item numbers. In its brief filed herein, the defendant states that—

As to these items No. 38554 and 450 there is no dispute, * * *

and confines its argument to the dutiable status of the remaining five items.

In the *Spiegel* case, *supra*, it was held that certain horns represented by exhibit 1, *supra*, were properly dutiable at 30 per centum ad valorem as parts of bicycles, as provided in paragraph 371 of the Tariff Act of 1930, rather than as articles of metal, as classified by the collector of customs pursuant to the terms of paragraph 397, *supra*.

Following our decision in that case, we hold that the merchandise identified as item numbers 38554 and 450 and covered by protests 53505–K, 66080–K, and 67226–K are properly dutiable as claimed by plaintiff at 30 per centum ad valorem as provided in paragraph 371, *supra*, as parts of bicycles, and to that extent the three protests just enumerated are sustained.

We turn our attention now to the other five items, numbered 45437, 51582, 38052, 38113, and 58832.

With respect to these five item numbers, plaintiff apparently relies upon the *Spiegel* case, *supra*, and points out in its brief that—

* * * This decision has been uniformly followed by various abstract decisions, the following being but a few citations:

> *New York Merchandise Co., Inc.* v. *United States,*
> 15 Cust. Ct. Reports 251, Abst. 50422
> *George S. Bush & Co., Inc.* v. *United States,*
> 13 Cust. Ct. Reports 272, Abst. 49673
> *New York Merchandise Co., Inc.* v. *United States,*
> 12 Cust. Ct. Reports 289, Abst. 49320
> *Spiegel Bros. Corp.* v. *United States,*
> 11 Cust. Ct. Reports 295, Abst. 48907

It is significant to note that in each of those cases there was uncontroverted proof that the horns there in controversy were used exclusively on bicycles as warning signals.

It may be observed in passing that whereas the *Bush* case, *supra*, "followed" the *Spiegel* case in point of time, it did not rely upon it. However, the undisputed facts in the *Bush* case brought it squarely within the scope of the *Spiegel* case.

It appears that in the *Spiegel* case (C. D. 692), *supra*, the court made the following express findings of fact:

1. The instant horns are sold only to bicycle jobbers and bicycle retail stores.
2. They are sold as bicycle horns and by no other name.
3. They are used *exclusively* on bicycles as warning signal devices.
4. They are designed specially for attachment to the handle bars of bicycles.
5. They are necessary to insure the safe, proper, and efficient operation of a bicycle, *and are used for no other purpose.* [Italics supplied.]

We are clearly of the opinion that the horns represented by items numbered 45347, 51582, 38052, 38113, and 58832 not only differ in physical attributes from the exhibit in the *Spiegel* case (C. D. 692), *supra*, but that the record does not establish that the five items in controversy fall within any of the five vital findings of fact above quoted upon which this court predicated its judgment in that case.

In an effort to establish its claim as to the five items in controversy, plaintiff introduced the testimony of Mr. Friedmann who, for the past 25 years, has been its purchasing and selling agent. He identified various items and produced a sample of item 38113 which was received in evidence as illustrative exhibit A and stated that items 45437, 51582, 38052, and 58832 were similar to said exhibit A.

It may be remarked at this point that exhibit A is a single-tube horn, having

a rubber bulb, and equipped with a metal clamp, of over-all measurement of 7¾ inches, whereas exhibit 1 in the *Spiegel* case, *supra*, is a two-tube horn (both tubes blowing), equipped with a rubber bulb and clamp, of an over-all measurement of 11¼ inches.

While Mr. Friedmann testified that he had purchased for his firm between 24,000 dozen and 36,000 dozen of these bicycle horns "over a period of years" and that he had observed their use throughout the United States as a warning device or signal attached to bicycles, and within his observational experience such horns were chiefly used to be attached to bicycles, nevertheless, on cross-examination the witness stated that such horns were sold in five-and-ten cent stores, to hardware houses, sporting goods people, and to toy auto concerns, and that he had seen them attached to toy automobiles.

Four witnesses were called to testify on behalf of the Government. Joseph J. Smith, examiner of merchandise at the port of New York, identified illustrative exhibit A as similar to the items in controversy and added that "some had a double-tube, one of which was a dummy."

Thomas W. Griffin, purchasing agent for F. A. Baker Co., dealer in bicycles, bicycle supplies, and accessories, stated that he had been employed with that concern for 38 years, 25 years of which he was a traveling salesman. He testified that he was familiar with items similar to illustrative exhibit A and used to sell them and had observed their use on children's vehicles, velocipedes, and "sidewalk bikes," but had never seen them used on large bicycles.

Salvatore DiGaetano was called as the third witness for the Government. He stated that he was sales manager for the Lewis Supply Co., dealers in bicycle accessories, bicycles, and bicycle parts, and had been with that concern for 10 years, prior to which he was employed with F. A. Baker and Consolidated Supply Co. in the same line of business, having actual selling experience in the bicycle and bicycle accessory line for 17 years. He testified that he had seen articles like illustrative exhibit A used a couple of hundred times on tricycles and toy automobiles and only twice on sidewalk bicycles, and that in his opinion a horn similar to illustrative exhibit A would not be suitable for use on a large bicycle, stating—

It hasn't the tone as a warning signal. A bicycle makes noise. The wind coming at you has a tendency to halt the sound coming out.

The last witness for the defendant was Paul Weintraub, who has been selling toy automobiles, tricycles, parts for bicycles, and accessories for the K & K Supply Co. for the past 8 years. He testified that he had seen articles like illustrative exhibit A used on toy automobiles but never on a bicycle.

After reviewing all of the evidence in the case before us, it is our considered opinion that the plaintiff herein has failed in its proof as to items numbered 45437, 51582, 38052, 38113, and 58832 on the invoices. The principle is too well-recognized in customs law to require citation that in classification cases the plaintiff has the double burden of proving not only that the collector's classification was erroneous but that its claim is correct. The decisions of a collector of customs, being those of a public official, are cloaked with the presumption of correctness.

Upon the record we find and hold that the items appearing on the invoices and identified by the numbers 45437, 51582, 38052, 38113, and 58832 were properly classified by the collector. To that extent, the protests are overruled.

With respect to items 38554 and 450 shown on the invoices, the claim of the plaintiff is sustained.

The decision of the collector is modified accordingly.

Judgment will be entered consistent with the foregoing views.