(C. D. 1693)

YOUNG WINDOWS, INC. *v.* UNITED STATES

---

[1] Section 402 (d), Tariff Act of 1930.

United States Customs Court, Second Division

(Decided April 14, 1955)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Richard M. Kozinn*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: Certain imported window regulators, so-called, were classified by the collector of customs as articles, wholly or in chief value of metal, not specially provided for, and duty was imposed thereon at the rate of 22½ per centum ad valorem as provided in paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade (82 Treas. Dec. 305, T. D. 51802).

Plaintiff invokes several alternative claims for a lower rate of duty than that assessed by the collector. Its primary claim is for classification in paragraph 369 (c) of said act (19 U. S. C. § 1001, par. 369 (c)), as modified by said General Agreement on Tariffs and Trade, as parts of automobile trucks, or automobile truck bodies, and subject to duty at the rate of 12½ per centum ad valorem.

Plaintiff's secondary claim is that the articles should be classified in paragraph 372 of said tariff act (19 U. S. C. § 1001, par. 372), as modified, *supra*, or by the Torquay Protocol to the General Agreement on Tariffs and Trade (86 Treas. Dec. 121, T. D. 52739), for "Other" machines, not specially provided for, and dutiable at the rate of 15 per centum ad valorem, or 13¾ per centum ad valorem, respectively.

The provisions of paragraph 312 of said act (19 U. S. C. § 1001, par. 312), as modified, *supra*, were likewise claimed applicable in the protest of plaintiff. Although this contention was not abandoned, it was not relied upon and no evidence in support thereof was offered at the trial. Therefore, this claim will not be considered.

The pertinent text of the statutory provisions involved herein is set forth below—

Paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra*:

Articles or wares not specially provided for, whether partly or wholly manufactured:

\*        \*        \*        \*        \*        \*        \*

Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\*     \*     \*     \*     \*     \*     \*

Other (except slide fasteners and parts thereof)____ 22½% ad val.

## Paragraph 369 (a) (c) of said act, as modified, *supra*:

Automobile trucks valued at $1,000 or more each, automobile truck and motor bus chassis valued at $750 or more each, automobile truck bodies valued at $250 or more each, motor busses designed for the carriage of more than ten persons, and bodies for such busses, all the foregoing, whether finished or unfinished_____ 12½% ad val.

\*     \*     \*     \*     \*     \*     \*

Parts (except tires and except parts wholly or in chief value of glass) for any of the articles enumerated in subparagraph (a) or (b) of paragraph 369, Tariff Act of 1930, finished or unfinished, not specially provided for:

\*     \*     \*     \*     \*     \*     \*

Other_____ 12½% ad val.

## Paragraph 372 of the Tariff Act of 1930, as modified, *supra*:

Machines, finished or unfinished, not specially provided for:

\*     \*     \*     \*     \*     \*     \*

Other (except wrapping and packaging machines; food grinding or cutting machines; machines for determining the strength of materials or articles in tension, compression, torsion, or shear; machines for making paper pulp or paper; machines for manufacturing chocolate or confectionery; and internal-combustion engines)_____ 15% ad val.

## Paragraph 372 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, *supra*:

Machines, finished or unfinished, not specially provided for:

\*     \*     \*     \*     \*     \*     \*

Other (except the following: accounting machines; bakery machines; calculating machines; combination candy cutting and wrapping machines; combination cases and sharpening mechanisms for safety razors; cordage machines; food cutting or grinding machines; hydraulic impulse wheels and hydraulic reaction turbines; industrial cigarette making machines; internal-combustion engines of the noncarburetor type; machines for determining the strength of materials or articles in tension, compression, torsion, or shear; machines for manufacturing chocolate or confectionery; machines for packaging pipe tobacco; machines for wrapping candy; machines for wrapping cigarette packages; and tobacco cutting machines)_____ 13¾% ad val.

At the trial, two witnesses were called both of whom testified on behalf of the plaintiff, and their testimony stands without contradiction.

The record discloses that the window regulators in controversy were designed for use and are actually used commercially on truck bodies only to retain in place and permit easy opening and closing of truck windows which is demonstrated by illustrative exhibit 3.

It appears that of 35,000 window regulators which were sold by plaintiff in the past 2 years, only 13 were sold to other than truck cab manufacturers. Their thinness and lack of handles render them particularly useful in trucks, since they will operate efficiently even if the frame becomes slightly warped or twisted. The record further discloses that the window regulators are necessary parts of the driver's window for efficient operation of the truck.

A stipulation of fact was entered into by the respective parties to the effect that the subject window regulators are not used in connection with truck bodies valued at less than $250 each but are used with those valued at more than $250 each.

Based upon the foregoing facts, it is the primary contention of plaintiff that these window regulators are parts of truck bodies for tariff purposes.

In support of this contention, plaintiff invites our attention to the following: *Westinghouse Air Brake Co.* v. *United States*, 26 Cust. Ct. 170, C. D. 1319; *United States* v. *Bosch Magneto Co.*, 13 Ct. Cust. Appls. 569, T. D. 41434; and *Eric Wedemeyer* v. *United States*, 7 Cust. Ct. 141, C. D. 556. Many other cases also are cited.

The *Westinghouse* case applied the doctrine that "an integral part of an integral part of an article is an integral part of such article," as stated by our appellate court in *United States* v. *American Express Co.*, 29 C. C. P. A. (Customs) 87, C. A. D. 175.

The *Bosch Magneto* case held that certain lamps and horns, which were essential and necessary for the safe and proper operation of automobiles, were parts thereof, and, in the *Wedemeyer* case, it was held that bicycle lamps were properly classifiable as parts of bicycles.

It is also argued that because some truck bodies are equipped with a different type of window regulator does not militate against the contention that the subject regulators are parts of truck bodies, citing *Curran-Pfeiff Corp.* v. *United States*, 73 Treas. Dec. 820, T. D. 49566. It was there held that certain dies used for shaping magnesium rings for gas mantles should be classified as parts of machines notwithstanding the fact that the press in which the dies were to be employed might use other dies in lieu thereof.

In support of that conclusion, this court cited several other decisions, notably *Stoeger* v. *United States*, 15 Ct. Cust. Appls. 291, T. D. 42472, wherein our appellate court held that drum magazines which were auxiliary magazines to increase the number of shots in certain pistols were, nevertheless, subject to classification as parts of pistols.

We have examined other cases cited by plaintiff but find it unnecessary to elaborate upon them here.

Defendant has not filed a brief herein, having indicated to the court that after examining the record and brief of plaintiff it does not desire to do so.

Upon the record before us, we are satisfied that the window regulators in controversy are, in fact, constituent, essential, and necessary parts of automobile truck bodies valued at more than $250 each. That claim in the protest is, therefore, sustained. All other claims are overruled.

Judgment will be entered accordingly.