BEFORE THE SECOND DIVISION, APRIL 23, 1959

No. 62985.—Thrifty Equipment Co. and Universal Foreign Service, Inc. v. United States, protest 321212–K(A) (Los Angeles).

FORD, Judge: The merchandise the subject of this protest is described on the invoice as roller shells D.2, single flange or double flange. According to the record, it consists of parts of D.2 caterpillar tractors. It was assessed with duty at 13¾ per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, the pertinent portions of which are as follows:

Paragraph 372, Tariff Act of 1930, as modified by T.D. 52739, *supra:*
Machines, finished or unfinished, not specially provided for:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Other (except * * *) _____ 13¾% ad val.
Parts, not specially provided for, wholly or in chief value of metal or porcelain, of any article provided for in any item 372 in this Part:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Other _____ The rate for the article of which they are parts

It is contended by plaintiffs that the merchandise is entitled to entry free of duty under paragraph 1604 of the Tariff Act of 1930, which provides as follows:

Agricultural implements: * * * and all other agricultural implements of any kind or description, not specially provided for, whether in whole or in parts, including repair parts: *Provided*, That no article specified by name in Title I shall be free of duty under this paragraph.

The sole issue, therefore, presented to the court is whether D.2 caterpillar tractors are agricultural implements within the purview of paragraph 1604, *supra.*

Three witnesses were called to testify in behalf of the plaintiffs, the co-owner and two employees of the importer. In substance, their testimony was to the effect that D.2 caterpillar tractors, which came into existence as such in 1938, as well as their predecessors the "Cat" 22, 20, 15, and 10, which came into existence about 1926, are used primarily, and almost exclusively, for agricultural purposes. The roller shells involved are parts of a D.2 caterpillar tractor, without which the tractor cannot function. The experience of these witnesses covered the entire United States. The witnesses believed that the D.2 was not designed for industrial uses and was not large enough to be so used.

It is a well-established principle of law that the classification of an article as an agricultural implement is dependent upon the chief use of such merchandise. *United States* v. *Ducommun Hardware Co.*, 7 Ct. Cust. Appls. 353, T.D. 36904; *United States* v. *Irwin & Co.*, 7 Ct. Cust. Appls. 360, T.D. 36906; *Richardson Co.* v. *United States*, 8 Ct. Cust. Appls. 179, T.D. 37289; *United States* v. *Lewis & Conger*, 16 Ct. Cust. Appls. 91, T.D. 42753; *United States* v. *Spreckels Creameries, Inc.*, 17 C.C.P.A. (Customs) 400, T.D. 43835. In addition, since the involved importation covers so-called parts for this particular tractor, it must also be established that said merchandise is necessary to the completion of such tractors and is an integral or component element without which the article,

to which it is to be joined, could not function as such article. *United States* v. *Willoughby Camera Stores, Inc.*, 21 C.C.P.A. (Customs) 322, T.D. 46851.

In the case of *Richardson Co.* v. *United States, supra,* carburetors for a tractor chiefly used for agricultural purposes were held to be entitled to entry free of duty under paragraph 391 of the Tariff Act of 1913, the basis of the decision being that the carburetors therein involved were parts of tractors which were designed, constructed, and chiefly used for plowing and thrashing, which uses are necessary and peculiar to the production of food and raiment for man.

In the case at bar, the record clearly establishes that the imported merchandise is a part, as that term has been defined in the *Willoughby* case, *supra,* of a tractor chiefly used throughout the United States for agricultural pursuits. Accordingly, we are of the opinion that the roller shells involved, covered by entry 20467, for D.2 caterpillar tractors are entitled to entry free of duty under the provision of paragraph 1604 of the Tariff Act of 1930, as claimed.

Judgment will be entered accordingly.