BEFORE THE SECOND DIVISION, MARCH 21, 1960

No. 63984.—Gamble Vargish & Co. DBA Seabury & Co. and American Express Co. *v.* United States, protest 58/18041 (Los Angeles).

FORD, Judge: This case involves the classification and consequent assessment of duty on certain items described on the invoice as "pigtails," which consist of a length of brass wire insulated by a plastic covering with a metal ferrule and a spring between two fiber washers. Duty at the rate of 21 per centum ad valorem was assessed thereon by the collector of customs under the provisions of paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, which, so far as pertinent, reads:

Articles or wares not specially provided for, whether partly or wholly manu-
factured:

\* \* \* \* \* \* \*
Composed wholly or in chief value of iron, steel, copper, brass, nickel,
pewter, zinc, aluminum, or other base metal (except lead), but not
plated with platinum, gold, or silver, or colored with gold lacquer:

\* \* \* \* \* \* \*
Other, composed wholly or in chief value of iron, steel, brass,
bronze, zinc, or aluminum \* \* \*_____21% ad val.

Plaintiffs, by timely amendment, claimed the merchandise to be properly
dutiable at the rate of 11½ per centum ad valorem under paragraph 369(c) of
the Tariff Act of 1930, as modified by said Sixth Protocol of Supplementary
Concessions to the General Agreement on Tariffs and Trade, *supra*, the pertinent
part of which reads as follows:

Parts (except tires and inner tubes and except parts wholly or in chief value
of glass), finished or unfinished, not specially provided for, for any of the
articles described in item 369(a) or 369(b) in this Part_____11½% ad val.

The protest, as originally filed, herein claims said merchandise to be properly
dutiable at 17½ per centum ad valorem under paragraph 353 of the Tariff Act
of 1930, as modified by the Torquay Protocol to the General Agreement on
Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as electrical wiring apparatus,
instruments, or devices.

The record consists of the testimony of one witness called on behalf of plain-
tiffs and six exhibits. The witness, Mr. Dight, testified that he was the import
manager and partner of the importer, which position required traveling through-
out the United States to sell the merchandise; that he has been familiar with
the involved merchandise for about 30 years and was personally familiar with
its use; that he had never heard the article called anything but a pigtail; that
he sold these items to lamp manufacturers in the automotive trade in the west
and midwest; that the imported merchandise was used for automobile parking
lights, stoplights, and taillights; that, prior to the innovation of sealed beams,
the headlights also utilized an article similar to the imported article; that
dashboard lights did not utilize pigtails since they were placed in small places
and the sockets were soldered to different parts of the automobile.

The witness further testified that the imported pigtails are used to stop the
bulb from vibration; that the spring mechanism stops the bulb from falling out
of the socket; that the imported articles are used on automobiles and trucks
and could be used on the taillight of a trailer.

Based upon the record as made herein, plaintiffs contend that they have
established *prima facie* that the imported pigtails are parts of automobile lights
and, as such, are parts of automobiles, citing *United States* v. *Bosch Magneto
Co.*, 13 Ct. Cust. Appls. 569, T.D. 41434; *Hensel, Bruckmann & Lorbacher, Inc.*
v. *United States*, 56 Treas. Dec. 909, Abstract 10233; *Lucas Electrical Services,
Inc.*, and *Frank J. Eberle Co.* v. *United States*, 36 Cust. Ct. 209, C.D. 1776;
*United States* v. *Antonio Pompeo*, 43 C.C.P.A. (Customs) 9, C.A.D. 602.

In the *Bosch* case, *supra*, the court had before it for consideration the classi-
fication of automobile lamps and horns, which it held were necessary for the
safe, efficient, and proper operation of the vehicle.

In the case of *Hensel, Bruckmann & Lorbacher, supra*, the court held certain
mechanical directional signals to be properly dutiable as parts of automobiles
under paragraph 369 of the Tariff Act of 1922, following the *Bosch* case, *supra*.

The above two cases are particularly pertinent herein, since the record estab-
lishes that the involved articles are used in the manufacture of automobile

lights and directional signals. If the finished article is part of an automobile, the question of whether this part can legally fall within the purview of the parts provision of paragraph 369(c), *supra*, is presented to the court for determination.

This question was considered in the case of *Young Windows, Inc.* v. *United States*, 34 Cust. Ct. 138, C.D. 1693, wherein certain window regulators were held to be parts of automobile trucks or truck bodies and the doctrine that "An integral part of an integral part of an article is an integral part of such article," citing *Westinghouse Air Brake Co.* v. *United States*, 26 Cust. Ct. 170, C.D. 1319. *United States* v. *American Express Co.*, 29 C.C.P.A. (Customs) 87, C.A.D. 175, was discussed.

The defendant, in its brief, cites the case of *Newark Radio Laboratories* v. *United States*, 1 Cust. Ct. 40, C.D. 11, which involved the classification of certain bases for lamp bulbs, and in which the claim for parts of an automobile was denied. That case is distinguishable from the case at bar, since the record therein established that said bases were utilized for many other purposes, and the court considered the articles as mere material in the manufacture of incandescent electric-light lamps.

Inasmuch as the record herein established that the involved pigtails are integral parts of automobile lights and indicator lights, we are of the opinion that said merchandise is parts of automobiles and is properly dutiable under paragraph 369(c), Tariff Act of 1930, as modified, *supra*, as claimed herein.

In view of the foregoing, we deem it unnecessary to consider plaintiffs' original claim that said merchandise is properly dutiable as a wiring device under paragraph 353, *supra*, except to note that the parts provision of paragraph 369(c), *supra*, being a use provision takes precedence over the *eo nomine* provision for wiring devices.

To the extent indicated, the specified claim in the above suit is sustained; in all other respects and as to all other merchandise, all the claims are overruled.

Judgment will be rendered accordingly.