BEFORE THE SECOND DIVISION, OCTOBER 22, 1963

No. 68052.—Gallagher & Ascher Company *v.* United States, protests 61/12084–12319 and 61/13381–12344 (Chicago).

FORD, Judge:   The cases listed in schedule A, attached hereto and made a part hereof, contest the classification of certain heaters, designed for use in Volkswagen automobiles.   The collector of customs classified said articles under the provisions of paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, providing for articles having as an essential feature an electrical element or device and assessed duty thereunder at the rate of 13¾ per centum ad valorem.

Plaintiff herein claims said heaters are properly subject to classification under the provisions of paragraph 369(c), Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as parts of automobiles and, accordingly, subject to duty at the rate of 10½ per centum ad valorem.

The pertinent parts of said provisions read as follows:

Paragraph 353, as modified by T.D. 52739, *supra:*

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Other * * * _____ 13¾% ad val.

Paragraph 369(c), as modified by T.D. 54108, *supra:*

Parts (except tires and inner tubes and except parts wholly or in chief value of glass), finished or unfinished, not specially provided for, for any of the articles described in item 369(a) or 369(b) in this Part_____ 10½% ad val.

The record herein consists of the testimony of one witness called on behalf of the plaintiff and one exhibit received as plaintiff's illustrative exhibit 1. The testimony in fact establishes that the imported heater is installed in a Volkswagen vehicle and operates by the combustion of gasoline taken from the fuel tank to produce the heat which is brought inside the vehicle for the purposes of warming the vehicle, defrosting the windows, and removing condensed water from the windows, all of which can be accomplished while the engine is not running. In order to install the heater, a fuel line would have to be attached to the fuel tank, a socket of the heater installed on the body of the vehicle, and electrical switches and wires connected to the electrical system of the vehicle. In addition, some parts of the panels would have to be cut in order to insert ducts. Such installation takes 2½ to 5 hours, depending upon the model of the car.

The record also indicates that a Volkswagen may be purchased with a heater installed at the factory, although it is an optional feature with an additional charge over and above the basic price of the vehicle. It is also indicated in the record that the Volkswagen does contain a heating system which is based upon the blowing of air over the cylinders of a warm engine. This, however, in the opinion of the witness, is insufficient and will operate only after the engine becomes warm. The witness was of the opinion that to safely operate a vehicle in the area with which he was associated as a distributor of Volkswagens in the States of Illinois, Iowa, Wisconsin, Minnesota, North Dakota, and South Dakota, the heater is necessary. The witness further testified that in any cold climate a heater such as in controversy herein would be necessary for the safe operation of the vehicle.

The witness did admit that the Volkswagen can operate without a heater, that is to say, the car would start and run.

The classification of the merchandise under the provisions of paragraph 353, as modified, *supra*, carries with it the presumption of correctness attaching to said finding by the collector that the imported heaters are in chief value of metal and have as an essential feature an electrical element or device. Plaintiff does not dispute these inherent findings but contends said merchandise is properly dutiable under the parts provision of paragraph 369(c), as modified, *supra*, which is a use provision rather than under the *eo nomine* provision under which classified. It is a basic principle of law in the field of customs jurisprudence that a use provision prevails over a descriptive or *eo nomine* provision unless either is a clearly expressed congressional intent to the contrary. *United States* v. *Lansen-Naeve Corp.*, 44 CCPA 31, C.A.D. 632.

The record establishes the involved heaters are dedicated for use in Volkswagen automobiles of various types and have no other use. The issue is thus reduced to whether the imported heaters are accessories or parts of a Volkswagen automobile.

Whether a given article constitutes a part of another article depends upon the nature of the so-called part. The courts have had before them many times the issue of what falls within the purview of the parts provision of paragraph 369(c) of the Tariff Act of 1930 and its predecessor, paragraph 369 of the Tariff Act of 1922. By virtue of these decisions, many articles have been held to be or not to be within the purview of parts of automobiles. *United States* v. *Bosch Magneto Co.*, 13 Ct. Cust. Appls. 569, T.D. 41434; *United States* v. *Antonio Pompeo*, 43 CCPA 9, C.A.D. 602; *Hensel, Bruckmann & Lorbacher, Inc.* v. *United States*, 56 Treas. Dec. 909, Abstract 10233; *Young Windows, Inc.* v. *United States*, 34 Cust. Ct. 138, C.D. 1693; *Lucas Electrical Services, Inc., et al.* v. *United States*, 36 Cust. Ct. 209, C.D. 1776; *British Auto Parts, Inc., et al.* v. *United States*, 40 Cust. Ct. 238, C.D. 1989; *Gamble Vargish & Co. et al.* v. *United States*, 44 Cust. Ct. 394, Abstract 63984.

In the *Bosch* case, *supra*, the court had before it for consideration the classification of automobile lamps and horns which were held to be parts of automobiles, since they were necessary for the safe, efficient, and proper operation of the vehicle. The court also indicated therein that the law required the use of horns and lamps on automobiles.

In the *Pompeo* case, *supra*, the court held certain superchargers, manufactured and specially designed for installation in Fords and Austin automobiles, to be parts within the purview of *United States* v. *Willoughby Camera Stores, Inc.*, 21 CCPA 322, T.D. 46851.

In the case of *Hensel, Bruckmann & Lorbacher*, *supra*, certain mechanical directional signals were found to be properly dutiable as parts of automobiles, following the *Bosch* case, *supra*. The court indicated that although the mechanical directional signals were not required by law, some form of signal must be used.

The *Young Windows* case, *supra*, held certain window regulators for use on trucks to be within the purview of the parts provision of paragraph 369(c) of the Tariff Act of 1930, since they were constituent, essential, and necessary parts of automobile truck bodies.

In the *Lucas Electrical* case, *supra*, certain ammeters designed and fitted for use exclusively on Jaguar automobiles for the purpose of indicating whether the battery was charging or discharging were held to be parts of an automobile.

In the *British Auto Parts* case, *supra*, certain mirrors were held not to be parts of automobiles, but were merely desirable accessories, which duplicated a mirror supplied with the car, and did not constitute a part within the purview of the *Willoughby* and *Pompeo* cases, *supra*.

The *Gamble Vargish* case, *supra*, held certain so-called pigtails, which are used in automobile stoplights and taillights to prevent vibration of the bulb, to be parts of automobiles.

An analysis of the above decisions and the merchandise covered thereby does not clearly establish any set rule or principle for determination of what constitutes parts of automobiles. The merchandise, in each instance, must be separately considered for a determination as to whether the imported merchandise falls within the purview of the parts provisions involved herein of paragraph 369(c), as modified, *supra*.

It is a well-established rule as clearly set forth in the *Willoughby* case, *supra*, that a "part" of an article is something necessary to the completion of that article and that it is an integral, constituent, or component part, without which the article to which it is to be joined could not function as such article. The court therein further indicated that the mere fact that two articles are designed and constructed to be used together does not necessarily make either a part of the other.

The record, in the instant case, establishes without contradiction that the imported heaters are designed and exclusively used for Volkswagen automobiles and for no other use. This, of course, in and of itself does not make the heaters parts of automobiles. The record also establishes that a Volkswagen automobile could function without the heater. However, it is the position of plaintiff herein that in the Illinois, Iowa, Wisconsin, Minnesota, North Dakota, and South Dakota areas, with which areas the witness is familiar, an automobile must be equipped with a heater and defroster, particularly for operation in the winter. The defrosting portion of the unit would assist in the removal of ice from the windshield, and it is, therefore, contended that said article assists in the safe operation of the automobile. It is not contended, nor has there been any citation that any laws exist, requiring the installation of a heater or defrosting unit.

Based upon the foregoing, it would appear that the imported heaters do not fall within the purview of "parts" under the *Willoughby* case, *supra*, nor do they appear to be "parts" under the theory of being necessary for safety of operation, since the record does not clearly distinguish the use of the heating system normally found in a Volkswagen from that of the imported heater.

Accordingly, upon the record as made, the imported heaters do not constitute a part within the purview of paragraph 369(c) of the Tariff Act of 1930, as modified, *supra*.

The protest is, accordingly, overruled. Judgment will be rendered accordingly.