(C.D. 3134)

FORD MOTOR COMPANY *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 2, 1967)

*James E. O'Boyle* for the plaintiff.

*Carl Eardley,* Acting Assistant Attorney General (*Glenn E. Harris,* trial attorney), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The imported articles were classified as parts of internal-combustion engines of the noncarburetor type under paragraph 372, Tariff Act of 1930, as modified by T.D. 51802. Plaintiff claims the involved importations, which are parts of diesel engines, are entitled to free entry as parts of agricultural implements under paragraph 1604 of said act.

The competing tariff provisions are as follows:

Paragraph 372, Tariff Act of 1930, as modified, *supra*—

Machines, finished or unfinished, not specially provided for:

\*          \*          \*          \*          \*          \*          \*

Internal-combustion engines:

\*          \*          \*          \*          \*          \*          \*

Other, of the horizontal type and weighing not over 5,000 pounds each, or not of the horizontal type and weighing not over 2,500 pounds each_____ 10% ad val.

Paragraph 1604, Tariff Act of 1930 (Free List), *supra*—

Agricultural implements: * * * all other agricultural implements of any kind or description, not specially provided for, whether in whole or in parts, including repair parts: *Provided,* That no article specified by name in Subtitle I shall be free of duty under this paragraph.

Plaintiff claims, and offers evidence to prove, that the imported parts were used and could only be used in certain specific makes and models of diesel engines. Such engines, while chiefly used in agricultural tractors, admittedly also were used to a lesser extent for non-agricultural purposes.

Plaintiff's legal argument is that, inasmuch as chief use determines whether or not a given article is an agricultural implement under paragraph 1604, the chief use test also should be applied to determine whether or not a component of such an article is a part of an agricultural implement also under paragraph 1604.

More specifically, plaintiff claims that, since it has shown the subject parts are dedicated to certain diesel engines, which engines are chiefly used in agricultural tractors, the parts are classifiable under paragraph 1604.

In support of its contention, plaintiff relies primarily upon the decision in *Thrifty Equipment Co. and Universal Foreign Service, Inc.* v. *United States,* 42 Cust. Ct. 356, Abstract 62985, which, in turn, cited *United States* v. *Willoughby Camera Stores, Inc.,* 21 CCPA 322, T.D. 46841. The decision in *Thrifty Equipment* clearly was based upon the conclusion, as the court there held, that "the imported merchandise is a part, as that term has been defined in the *Willoughby* case, * * *."

This court, in *Gallagher & Ascher Company* v. *United States,* 51 Cust. Ct. 232, Abstract 68052, also relied upon the *Willoughby* case in stating the rule to be, as plaintiff does here, that—

* * * a "part" of an article is something necessary to the completion of that article and that it is an integral, constituent, or component part, without which the article to which it is to be joined could not function as such article. * * *

Upon appeal, the Court of Customs and Patent Appeals, in reversing the judgment of this court, made it abundantly clear that the rule expressed in the *Willoughby* case, which was decided in 1933, had, at present, little weight. *Gallagher & Ascher Company* v. *United States,* 52 CCPA 11, C.A.D. 849.

In view of *Gallagher & Ascher,* we believe that the test for determining whether a given article is a part of an agricultural implement must be formulated without reliance upon the rule expressed in *Willoughby.*

In *United States* v. *Ford Motor Company,* 51 CCPA 22, C.A.D. 831, the issue was whether the classification of engine parts should be deter-

mined by application of a "dedication" test or by a "chief use" test. In affirming the decision of this court, reported at 49 Cust. Ct. 265, Abstract 67136, which applied the dedication test, the Court of Customs and Patent Appeals said:

We have considered the cases cited by appellant and the arguments advanced in support of its contention that the correct test for classification of the involved merchandise is chief use. We are not persuaded, however, that the Customs Court committed error in holding that the parts in issue were shown to be essential parts of internal combustion engines which are not dedicated for use in the automotive field.

Plaintiff here seeks to avoid the effect of the *Ford* decision by asserting that the tariff competition there was between *eo nomine* provisions, while here the competition is between the use provision for agricultural implements and the *eo nomine* provision for engine parts. Therefore, plaintiff argues, inasmuch as a use provision prevails over an *eo nomine* provision, the present case presents a different issue from that decided in *Ford*.

However, plaintiff has not established that the imported articles, in addition to being classifiable as parts of internal-combustion engines, are also classifiable as parts of agricultural implements. Therefore, the distinction attempted between the *Ford* decision and the present case is without merit. The allusion in plaintiff's argument is, of course, to the doctrine of relative specificity which may be employed when an imported article is classifiable under competing tariff paragraphs. However, where, as here, it is not shown that two tariff paragraphs provide for a given article, relative specificity is not a proper consideration. *Engis Equipment Company* v. *United States*, 50 Cust. Ct. 189, Abstract 67391.

The issue presented here just recently was raised before this court in *TAP Equipment Co., doing business as Thrifty Equipment Co.* v. *United States*, 58 Cust. Ct. 559, C.D. 3051. There certain diesel engine valves and bearings, classified as parts of internal-combustion engines under paragraph 372, were claimed to be classifiable under the provision for agricultural implements in paragraph 1604. It was not disputed that the imported parts were replacement or repair parts for diesel engines installed in D–2 and D–4 caterpillar tractors. Previously it had been held that D–2 and D–4 caterpillar tractors were agricultural implements within the meaning of paragraph 1604. Therefore, the issue as stated by the court was whether the diesel engines, in which the imported parts were to be used, were dedicated to or used exclusively in the D–2 and D–4 caterpillar tractors. The court, from the evidence presented, concluded they were and held the imported parts to be parts of agricultural implements.

Here, of course, the diesel engines, in which the imported parts are to be used, concededly are not dedicated to or used exclusively in agricultural implements.

Plaintiff having failed to establish that the particular diesel engines which utilize the imported articles are themselves parts of agricultural implements, the subject importations, which can be no more than parts of such engines, cannot be considered as parts of agricultural implements.

Therefore, the protests are overruled. Judgment will be entered accordingly.